**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHERRI D. REED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:08-CV-0822-G (BF)** |
| | § | |
| **COMMISSIONER, SOCIAL SECURITY** | § | |
| **ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the social security appeal of Sherri D. Reed ("Plaintiff"), filed

May 15, 2008, to the United States Magistrate Judge for hearing, if necessary, and recommendation.

The Commissioner filed a Motion to Reverse and Remand [doc. 15].  The Commissioner seeks

reversal and remand with instructions to the Administrative Law Judge ("ALJ") to proceed to the

fourth step of the evaluation process and to consider the treating and examining source opinions and

the medical expert testimony in evaluating Plaintiff's residual functional capacity, and to solicit

vocational expert testimony, if necessary.  Plaintiff filed an opposition to reversal and remand with

the Commissioner's proposed instructions.  Plaintiff requests the Court to reverse and remand the

decision of ALJ Walter Orr, standing as the Commissioner's final decision, solely for payment of

an award of a closed period of disability and disability insurance benefits from March 20, 1995,

through September 1, 2004.

**Background**

Plaintiff alleges that she became disabled on March 20, 1995.  (Tr. 133.)  She was last

insured for disability insurance benefits on December 31, 2002.  (Tr. 381; 137; 449.)  The relevant

period under consideration is March 20, 1995 through December 31, 2002.  (Tr. 518; 520.)  Plaintiff

conceded at the September 2007 administrative hearing that her impairments improved to such degree that she was no longer "disabled" as of September 1, 2004.  (Tr. 564; 517.)

Plaintiff was born May 1, 1950.  (Tr. 133; 25.)  She was 44 years old on her alleged disability onset date in March 1995 and was considered a "younger individual" until her 50th birthday in May 2000, after which she was considered "closely approaching advanced age" through the remaining period under consideration. *Id.*; 20 C.F.R §404.1563.

Plaintiff graduated from W.W. Samuels High School in Dallas in 1968.  (Tr. 458.)  She started working as a secretary at Texas Instruments ("TI") in November 1973.  (Tr. 26; 453; 352.)  At age 31, Plaintiff went to college while holding a position as a mechanical technician in TI's work-study program.  (Tr. 144; 26; 28; 352.)  She earned a bachelor's degree in mechanical engineering in 1988 and moved into a mechanical engineering position.  (Tr. 28; 144; 148; 506.)  About three years later, she retrained on the job and became a software engineer.  She held this position until March 1995, her alleged onset date of disability.  (Tr. 144; 26.)  Plaintiff worked at TI for over 21 consecutive years before she became ill.  (Tr. 144.)  When she was able, she returned to work.  (Tr. 564.)

## Statement of the Case

The following statement of the case is taken from Plaintiff's Appeal Brief, filed December 15, 2008.[1]

Plaintiff has been litigating her eligibility for Social Security disability insurance benefits for 13 years.  She filed an application for a period of disability and disability insurance benefits

---

[1]  Defendant has not filed a Brief because Defendant seeks to reverse and remand.  Accordingly, the Court assumes that Plaintiff's recitation of the procedural history is accurate.

under Title II of the Social Security Act on March 29, 1996.  (Tr. 133-136.)  After her initial claim was denied, and upon her request for reconsideration, Plaintiff requested a hearing, waiving her right to appear in person.  (Tr. 84-88; 89-94; 96-98; 73.)  Her non-attorney representative, Ruth Smith, later requested a hearing, but ALJ John S. Morgan issued the first Notice of Decision -- Unfavorable on April 24, 1998, without convening a hearing.  (Tr. 98; 104; 70-83.)

Plaintiff requested Appeals Council review of the ALJ's unfavorable decision.  (Tr. 104; 99-100.)  Two years later, by Order dated July 13, 2000, the Appeals Council granted the request for review and remanded the case.  (Tr. 105-107.)  ALJ Morgan conducted the remand hearing in Dallas, Texas on June 21, 2001.  (Tr. 108; 23-40.)  Plaintiff appeared with Representative Smith, and Plaintiff testified.  (Tr. 23; 25-39.)  The ALJ called the late Sol J. Freeman, M.D. ("Dr. Freeman"), to testify as a medical expert ("ME") and Rebecca Hayes to testify as a vocational expert ("VE").  (Tr. 110; 118; 41-55; 116; 56-65.)

ALJ Morgan issued his second Notice of Decision -- Unfavorable on July 10, 2001.  (Tr. 394-409.)  Plaintiff again requested Appeals Council review of the ALJ's decision, but this time her request was denied by Notice dated January 24, 2002.  (Tr. 7; 5-6.)  Plaintiff, through counsel, commenced a civil action before this Court on March 25, 2002, seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g).  *Reed v. Barnhart*, C.A. No. 3:02-CV-0611-P (N.D. Tex. Feb. 18, 2003).  After Plaintiff filed her brief on August 20, 2002, the Commissioner filed a motion to reverse and remand.  (Tr. 414-417.)  Judge Solis granted Defendant's unopposed motion by judgment entered February 18, 2003, and ordered remand.  (Tr. 413.)  In turn, the Appeals Council issued an order dated April 11, 2003, remanding Plaintiff's case to an ALJ for further proceedings consistent with this Court's orders.  (Tr. 410-412.)

ALJ Walter Orr conducted the remand hearing in Dallas, Texas on January 28, 2004.  (Tr. 419; 487-509.)  Plaintiff appeared with Representative Smith, but did not testify.  (Tr. 489; 491.)  The ALJ called two MEs to testify: internist Sterling Moore, M.D. ("Dr. Moore"), and clinical psychologist Alvin Smith, Ph.D ("Dr. Smith").  The ALJ also called Tammie Donaldson to testify as a VE.  (Tr. 433; 491-499; 435; 499-505; 431; 505-507.)   ALJ Orr issued a third Notice of Decision -- Unfavorable on February 24, 2005, finding Plaintiff "not disabled."  (Tr. 377-391.)  Pursuant to 20 C.F.R. § 404.984(d), Plaintiff elected to forego filing exceptions to the ALJ's decision with the Appeals Council.  Instead, Plaintiff timely filed a new civil action on September 8, 2005, again seeking judicial review pursuant to 42 U.S.C. § 405(g).  *Reed v. Barnhart*, C.A. No. 3:05-CV-1797-D (N.D. Tex. Apr. 18, 2006).

On March 31, 2006, Plaintiff filed a Motion for Summary Judgment and a supporting brief. The Commissioner again filed a motion for remand.  (*Id.*, Doc. 13; 14; 17; Tr. 588-593.)  Judge Fitzwater granted the Defendant's unopposed motion and ordered remand.  He entered a final judgment on April 17, 2006.  (Doc. 18; Tr. 586-587.)  In turn, the Appeals Council issued an order dated June 6, 2006, remanding Plaintiff's case to an ALJ for further proceedings consistent with the Court's order.  (Tr. 575-578.)  On September 6, 2007, ALJ Orr conducted another remand hearing in Dallas, Texas.  (Tr. 539; 561-574.)  Plaintiff again appeared with Representative Smith, but she did not testify.  (Tr. 563; 567.)  The ALJ again called Dr. Moore to testify as an ME.  (Tr. 553; 568-574.)  The ALJ also called VE Russell Bowden, but he did not testify.  (Tr. 551; 574.)  ALJ Orr issued a fourth Notice of Decision -- Unfavorable on January 18, 2008, finding Plaintiff "not disabled."  (Tr. 377-391.) Pursuant to 20 C.F.R. § 404.984(d), Plaintiff again elected to forego filing

4

exceptions to the ALJ's decision with the Appeals Council.  Plaintiff timely filed this civil action on May 15, 2008, seeking judicial review pursuant to 42 U.S.C. § 405(g).  Pl's App. Br. 2-4.

Once again, the Commissioner seeks remand, this time for Plaintiff's fifth administrative hearing.  Plaintiff urges the Court to deny the Commissioner's motion to remand with instructions and to reverse and remand for the calculation and payment of benefits.  A district court is authorized to remand a social security case under sentence four of 42 U.S.C. § 405(g), which provides that "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405(g).  Therefore, because the parties in this case seek a sentence four remand, the District Court is required to enter a substantive decision "affirming, modifying, or reversing" the ALJ's order before remanding Plaintiff's claim to the Commissioner.[2]  *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000).

## Issues

A.   The Hearings, Appeals & Litigation Law Manual Section II-5-1-2 applies only to claims in which the Appeals Council grants the claimant's request for review, not to court remands.

B.   The "law of the case" doctrine applies not only to findings expressly stated by the Court, but also to the Court's findings made by necessary implication.

---

[2] Unlike sentence six, sentence four does not contain any statutory limits on the ability to supplement the record on remand.  However, recognizing that many Social Security applicants are represented by non-lawyers or have no representation at all, and most are indigent, some courts consider that the delay in final disposition of claims may sometimes make requests by the Commissioner for additional proceedings a matter of concern.  Some circuit courts  have ordered benefits in cases where the entitlement is not totally clear, but the delay involved in repeated remands has become unconscionable.  *See, e.g., Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (remanding for payment of benefits in light of "substantial evidence" of a severe mental disability and "considerable inexplicable delays" resulting in passage of ten years since application).

5

C.     Any errors or omissions made in the course of the 2005 litigation were not subject to rebuttal by the ALJ on remand.

D.     Plaintiff was prejudiced by the ALJ's violation of the law of the case doctrine.

E.     Reversal, not remand, is the appropriate remedy in this longstanding matter.

## Standard of Review

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1.     An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2.     An individual who does not have a "severe impairment" will not be found to be disabled.

3.     An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4.     If an individual is capable of performing the work she has done in the past, a finding of "not disabled" must be made.

5.     If an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove her disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*.

The Commissioner's determination is afforded great deference. *Id*. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

To prevail on a claim for disability insurance, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

7

Although Plaintiff presents five component issues, the controlling contentions are that this case should be reversed and remanded with instructions to pay benefits because of the Commissioner's violation of the mandate rule in this case and because substantial evidence does not support the ALJ's decision that Plaintiff was not disabled from March 20, 1995 until September 1, 2004.  As the Appeals Council instructed the ALJ on remand, the medical opinions of record do not support the ALJ's finding of no severe impairment.  (Tr. 577.)   The Appeals Council directed the ALJ upon remand to "give further consideration to the claimant's maximum residual functional capacity."   (Tr. 578.)

The ALJ did not believe he was bound by the mandate rule, and he refused to follow either Judge Fitzwater's order or the orders of the Appeals Council.  (Tr. 537.)  At the remand hearing, the ALJ stated: "The Appeals Council has instructed that the following be done.  I have to give consideration to treating and examining source opinions pursuant to the regulation.  *We tried that the first time; apparently, we didn't write well enough or our writer didn't write well enough*." [Emphasis supplied].  (Tr. 563.)  The Court's review of the hearing transcript and the ALJ's opinion leave no doubt that the ALJ intended from the time the case was remanded to again denied Ms. Reed's claim at step two of the sequential evaluation on the grounds that she had no severe impairment or combination of impairments, in direct contradiction of the Appeals Council's instructions.

The mandate rule provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of the appellate court.  *Brown v. Astrue*, 597 F. Supp.2d 691, 695 (N.D. Tex. Feb. 11, 2009) (Fitzwater, J.).   "In Social Security proceedings, the district court's position to the Appeals Council (and

8

indirectly, the ALJ) is analogous to that of the court of appeals' position with respect to a trial court." *Id*. at n.3 (quoting *Ischay v. Barnhart*, 383 F. Supp.2d 1199, 1215 (C.D. Cal. 2005)).  When a court finds that the Commissioner has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.  *Id*. at 886.  Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.  *Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (citations omitted).   Here, the ALJ clearly violated not only the spirit, but the letter, of Judge Fitzwater's judgment by failing to "proceed to the fourth step of the sequential evaluation process" and by failing to " further consider the treating and examining source opinions and the medical expert testimony in evaluating plaintiff's residual functional capacity."  Additionally, the ALJ violated the mandate of the Appeals Council.  Seeking remand in this proceeding, the Commissioner acknowledges that the ALJ did not proceed beyond step two on remand. Nevertheless, the Commissioner argues that the case requires further factual development and requests the District Court to issue the **same order and explicit directives** for remand that Judge Fitzwater issued on April 18, 2006, **explicit directives with which the ALJ failed to comply on the latest remand**.  (Tr. 610-14.)

The Commissioner is not entitled to endless opportunities to apply the proper legal standard correctly and gather evidence to support his conclusion.  *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996).  The Commissioner has had more than ample opportunities to apply the law accurately. The decision of an appellate court, reversing a summary judgment of the district court without remand to the Commissioner, is instructive:

> These deficiencies in the findings of the ALJ are not attributable to any error of the claimant . . . .   Smith has already had two hearings before an ALJ, followed by two petitions to the Appeals Council, two appeals to the United States District Court . . . and an appeal to this court. . . . Must an indigent claimant, who has already battled for seven years, wait with the patience of Job for yet another remand before he can collect the relatively modest amounts available through such an award? We think not . . . . [T]he majority believes a further remand would be unnecessary and a contravention of fundamental justice.

*Smith v. Califano*, 637 F.2d 968, 973 n.1 (3d Cir. 1981).   Another appellate court, facing a situation similar to the one before this Court, stated:

> We are convinced that Bradley proved that he cannot return to any past relevant work. Ordinarily, the burden would then shift to the Secretary, and he would be given a chance to prove that there are other jobs that Bradley can perform. However, there has already been one remand and we are not confident that a second remand will produce a correct decision.

*Bradley v. Bowen,* 800 F.2d 760, 765 (8th Cir. 1986).   The Commissioner has given this Court no reason to believe that an ALJ will obey the mandate rule if this case is remanded for a fifth administrative hearing.  In fact, in explaining his refusal to obey, the ALJ stated that he was "bound by the nationwide policy of the Administration, citing SSR 96-p1," implying that he would never obey the mandate rule in this case because, in his own opinion, his decision finding no severe impairment was correct the first time.

The court can reverse the ALJ and direct that benefits be paid (as opposed to remanding for further proceedings) where additional fact finding by the ALJ is unnecessary to determine that a claimant is disabled under the Social Security Act.  *See, e.g., Taylor*, 782 F.2d  at 1299 (reversing decision of ALJ and directing an award of disability benefits); *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (a remand directing an award of benefits is appropriate where "given the available evidence, remand for additional fact-finding would [not] serve [any] useful purpose but would merely delay the receipt of benefits."); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir.1993)

10

(holding that an award of benefits is appropriate only where all factual issues have been resolved and "the record can yield but one supportable conclusion.").

This Court finds that additional fact-finding would not serve any useful purpose. When the case was remanded the second time, the ALJ established that no additional medical evidence was required. (Tr. 564.) The District Court may direct an award of benefits if the uncontroverted evidence clearly establishes that the claimant is entitled to relief. *Taylor v. Bowen*, 782 F.2d 1294, 1298-99 (5th Cir. 1986.) According to the Appeals Council, the Commissioner found that Plaintiff had severe Chronic Fatigue Syndrome ("CFS") and was limited to sedentary work. (Tr. 577.) CFS is a systemic disorder consisting of a complex of symptoms characterized in part by prolonged fatigue that lasts six months or more and results in substantial reduction in previous levels of occupational, educational, social, or personal activities. Social Security Ruling ("SSR") 99-2p, 1999 WL 271569 *1 (Apr. 30, 1999). After stating that the "medical opinions of record do not support a finding of no severe impairment, (Tr. 577), the Appeals Council noted the statement of treating physician Dr. Korngut that Plaintiff "was physically incapable of even sedentary work and mentally able to engage in only limited stress situations and limited interpersonal relations; the opinion of Dr. Martin that Plaintiff did "not possess the mental abilities to perform sustained work;" and Dr. Wolfram's statement that Plaintiff could "sit, stand, walk, bend, and lift without any restriction, except that she tires easily, and based on her chronic fatigue syndrome is limited to lifting less than ten pounds occasionally." (*Id.*) Further, it noted that Dr. Moore, a medical expert, stated that Plaintiff "had severe impairments related to fatigue and experienced limitations." Additionally, the Appeals Council pointed to the testimony of another medical expert, the late Dr. Freeman.

At Plaintiff's June 2001 hearing, Dr. Freeman testified as follows:

11

I don't think she's really quite capable of carrying out a six hour workday, five days a week . . . because of her fatigue symptoms and because of her difficulties as described by her psychiatrist in '97 . . ..

Four hours is about the maximum per day and I don't know, from her history as she gives it today and from the records, whether she could do that five days a week, or workweek and…in other words, I don't think, as she is right now, I don't think she could do the requirements of a sedentary job with six hours or more per day on a daily basis.

(Tr. 48.)  The VE testified that with Dr. Freeman's limitation, Plaintiff would not be able to perform substantial gainful activity.  (Tr. 63.)  An impairment that does not allow a person to work on a regular basis, eight hours per workday, five days per workweek, precludes substantial gainful activity and, thereby renders the individual disabled.  *Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002) (citations omitted).

Returning this case to the ALJ with the instructions the Commissioner suggests in his Motion to Reverse and Remand would be futile.   Given the ALJ's obduracy, as evidenced by his actions in this case on multiple remands, the District Court should reverse the Commissioner's decision and remand the case to the agency with directions that the application for benefits be granted.  *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *Micus v. Bowen*, 979 F.2d 602, 609 (7th Cir. 1992); *see Hatcher v. Secretary, Dept. of Health & Human Services*, 898 F.2d 21 (4th Cir. 1989); *Woody v. Secretary of Health & Human Services*, 859 F.2d 1156, 1162-63 (3d Cir. 1988); *Carroll v. Secretary of Health & Human Services*, 705 F.2d 638, 644 (2d Cir. 1983).  Plaintiff is now 59 years old.  Her disability claim has been evaluated by an adjudicatory body 11 times during a 13-year period.  The unique circumstances of this case, require that the case be reversed and remanded for the payment of benefits for the closed period.

## Recommendation

The Court recommends that the fourth unfavorable decision of the Commissioner be **REVERSED**.  Further, the Court recommends that the Commissioner's Motion to Reverse and Remand with instructions be **DENIED** and that the case be **REMANDED** to the Commissioner solely for payment of an award of a closed period of disability and disability insurance benefits from March 20, 1995, through September 1, 2004.

**SO RECOMMENDED**, May 13, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

14